# In the United States Court of Federal Claims
(Pro Se)

| | |
|---|---|
| DAVID KENT THACKER, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | No. 23-1092C <br> (Filed: July 24, 2023) |

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

David Kent Thacker, Jr., proceeding pro se, filed a complaint on July 13, 2023. Compl., Docket No. 1.[1] Mr. Thacker is incarcerated in a state prison in Huntsville, Texas, where he is serving a life sentence. Id. at 2–3. He alleges that he was arrested without probable cause and that his conviction was unjust. Id. at 1–2. He also alleges a conspiracy by state prison officials to interfere with his efforts to challenge his conviction. Id. at 2; see also Compl. Ex. 1, Docket No. 1-2. Finally, he claims that his First, Fourth, and Fifth Amendment rights have been violated. Compl. at 2; Compl. Ex. 1, at 2, 6. Mr. Thacker seeks relief under 28 U.S.C. § 2254 and 42 U.S.C. § 1983, and he asks the Court to vacate his sentence. Compl. at 3.

## DISCUSSION

Jurisdiction is a threshold matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). The Court may raise the issue on its own at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). When doing so, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff," Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011), and it must hold complaints filed by pro se plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972).

Nevertheless, pro se plaintiffs must persuade the Court that jurisdictional requirements have been satisfied. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). They must meet this

---

[1] On July 17, 2023, the Clerk's office received a fifteen-page document from Mr. Thacker entitled "Request for Admissions." Its substance is largely incomprehensible. No provision of the Rules of the Court of Federal Claims provides for filing such a document. The Clerk is therefore directed to reject it.

burden by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the case pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims.

The Court of Federal Claims "is a court of limited subject matter jurisdiction." Jones v. United States, 440 F. App'x 916, 917 (Fed. Cir. 2011). Its jurisdiction is prescribed by the Tucker Act, which authorizes it "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act's grant of jurisdiction does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

The Court lacks subject-matter jurisdiction over Mr. Thacker's claims. Mr. Thacker primarily complains that his arrest and subsequent criminal conviction were unjust. See Compl. at 1–2. It is well established, however, that the Tucker Act does not empower the Court to review criminal convictions. Jones, 440 F. App'x at 918; see also Reed v. United States, 25 F. App'x 903, 904 (Fed. Cir. 2001) ("The Court of Federal Claims does not have jurisdiction to review and overturn criminal convictions.").

To be sure, the Court of Federal Claims has jurisdiction over "claim[s] for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But a plaintiff seeking such relief must also satisfy the requirements of 28 U.S.C. § 2513. Castro v. United States, 364 F. App'x 619, 620 (Fed. Cir. 2010) (per curiam). Section 2513(a) provides that a plaintiff suing under § 1495 "must allege and prove that," among other things, "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction." Mr. Thacker does not allege that his conviction has been reversed or set aside or that he has been pardoned, nor has he presented a certificate of innocence or a pardon. See 28 U.S.C. § 2513(b); see also Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015).

At any rate, Mr. Thacker apparently was convicted of a state crime rather than a federal one. The Court's jurisdiction under 28 U.S.C. §§ 1495 and 2513 extends only to plaintiffs who establish that they were "unjustly convicted of an offense against the United States." Machulas v. United States, 621 F. App'x 629, 632 (Fed. Cir. 2015) (per curiam) (quoting 28 U.S.C. § 1495). The Court therefore lacks jurisdiction over Mr. Thacker's claim that his criminal conviction was unjust. See Compl. at 2.

The Court likewise cannot review whether police officers had probable cause to arrest Mr. Thacker because the Court lacks jurisdiction over alleged Fourth Amendment violations. See Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Nor does the Court have jurisdiction over Mr. Thacker's claims against state prison officials. See Compl. at 1–2; Compl. Ex. 1, at 1, 3–4, 6. The Tucker Act confers jurisdiction over claims against the United States only. United

States v. Sherwood, 312 U.S. 584, 588 (1941); see also Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he court lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts, state prisons, or state employees.").

Further, to the extent that Mr. Thacker alleges that the United States violated his constitutional rights under the First, Fourth, and Fifth Amendments, see Compl. at 2; Compl. Ex. 1, at 3, 6, the Court lacks jurisdiction over those claims as well. None of the constitutional provisions that Mr. Thacker cites is money-mandating. The First Amendment "neither explicitly nor implicitly obligate[s] the federal government to pay damages." United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983). The Fourth Amendment, as noted above, similarly "does not mandate the payment of money for its violation." Brown, 105 F.3d at 623. So too with the Fifth Amendment, whose Due Process Clause "do[es] not mandate payment of money by the government." LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Mr. Thacker also seeks relief under two statutes, neither of which brings his claims within this Court's jurisdiction. See Compl. at 3. He cites 42 U.S.C. § 1983, a civil rights statute that creates a cause of action against state and local officials. See id. "Congress," however, "has expressly committed jurisdiction over claims brought under civil rights statutes, like 42 U.S.C. § 1981 [and § 1983], to the United States district courts," Allen v. United States, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022), and "[t]he Court of Federal Claims is not a district court of the United States," Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Moreover, § 1983 "does not create a right 'against the federal government for money damages.'" Ganaway v. United States, 557 F. App'x 948, 949 (Fed. Cir. 2014) (quoting LeBlanc, 50 F.3d at 1028); see also Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019) (explaining that the Court of Federal Claims "does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law").

The other statute that Mr. Thacker cites, 28 U.S.C. § 2254, likewise does not confer jurisdiction on this Court. See Compl. at 3. That statute authorizes the "Supreme Court, a Justice thereof, a circuit judge, or a district court" to "entertain an application for a writ of habeas corpus" on behalf of state prisoner. 28 U.S.C. § 2254(a). It does not authorize the Court of Federal Claims to consider applications for writs of habeas corpus. See id.; Wilson v. United States, 566 F. App'x 913, 915 (Fed. Cir. 2014). This Court therefore "does not possess jurisdiction over any claims . . . arising under [28 U.S.C. § 2254]." Wilson, 566 F. App'x at 915.

## CONCLUSION

For the foregoing reasons, Mr. Thacker's complaint, Docket No. 1, is **DISMISSED without prejudice** pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims.[2] The Clerk shall enter judgment accordingly.

---

[2] Along with his complaint, Mr. Thacker applied to proceed in forma pauperis. Docket No. 2. His application included a signed prisoner authorization form explaining that, as a prisoner, he must pay the full filing fee even if his application is granted and even if his case is dismissed. Docket

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge

---

No. 2-1; <u>see also</u> 28 U.S.C. § 1915(b)(1). Mr. Thacker's application, Docket No. 2, is **GRANTED**.